1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CHRISTOPHER ELLIOTT,                          No.  2:22-CV-1236-KJM-DMC-P

12                    Plaintiff,

13            v.                                    FINDINGS AND RECOMMENDATIONS

14   M. CAMPOSE,

15                    Defendant.

16

17            Plaintiff Christopher Elliot, a prisoner proceeding pro se, brings this civil rights

18   action pursuant to 42 U.S.C. § 1983.  Pending before the court is Defendant's motion to dismiss.

19   ECF No. 24. Plaintiff filed an opposition and Defendant filed a reply.  ECF Nos. 25, 26.

20            In considering a motion to dismiss, the Court must accept all allegations of

21   material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

22   Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

23   v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

24   738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).  All ambiguities or doubts

25   must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421

26   (1969).  However, legally conclusory statements, not supported by actual factual allegations, need

27   not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se

28   pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v.

                                                    1

1   Kerner, 404 U.S. 519, 520 (1972).

2          In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials

3   outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

4   Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)

5   documents whose contents are alleged in or attached to the complaint and whose authenticity no

6   party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

7   and upon which the complaint necessarily relies, but which are not attached to the complaint, see

8   Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

9   of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

10  1994).

11

12                              **I.  BACKGROUND**

13         Plaintiff filed three actions within a couple months of each other: Elliott v.

14  Herrera, et al., 2:22-cv-1072-AC-P (Elliott I), the present case Elliott v. Campose, 2:22-cv-1236-

15  KJM-DMC-P (Elliott II), and Elliott v. Lynch, et al., 2:22-cv-1323-KJM-DMC-P (Elliott III).

16         On June 22, 2022, Plaintiff filed Elliott I alleging constitutional violations by

17  Defendant M. Campose and other officers at California State Prison – Sacramento (CSP-Sac.).

18  ECF No. 1 in Elliott I.  On July 14, 2022, Plaintiff filed this action alleging constitutional

19  violations exclusively against Defendant M. Campose.  ECF No. 1 in Elliott II.  On July 27, 2022,

20  Plaintiff filed a third action alleging constitutional violations against Defendant M. Campose and

21  other officers at CSP-Sac.  ECF No. 1 in Elliott III.  Elliott II and Elliott III have been related.

22  ECF No. 24 in Elliott III.

23         Elliott I proceeds on Plaintiff's original complaint on Plaintiff's claims of

24  retaliation and harassment.  See ECF No. 20 in Elliott I.  Elliott II (the instant action) proceeds on

25  Plaintiff's original complaint as against Defendant Campose on Plaintiff's claims of denial of

26  food and harassment.  See ECF No. 13 in Elliott II.  Elliott III proceeds on Plaintiff's original

27  complaint as against Defendant Campose on Plaintiff's Eighth Amendment safety claim.  See

28  ECF No. 13 in Elliott III.

## II. DISCUSSION

Defendant argues that this case is barred by the prohibition against claim-splitting and because it is duplicative of <u>Elliott I</u>.  ECF No. 24.

Plaintiffs do not have a right to maintain two separate actions regarding the same subject matter at the same time in the same court against the same defendant.  <u>Mendoza v. Amalgamated Transit Union Int'l</u>, 30 F.4th 879, 886 (9th Cir.).  The objectives for barring claim-splitting are to protect a defendant from repetitive actions based on the same claim and to promote judicial economy.  <u>See</u> <u>Clements v. Airport Auth. of Washoe Cnty.</u>, 69 F.3d 321, 328, 330 (9th Cir.). The test for claim-splitting is borrowed from the test for claim preclusion.  <u>Mendoza</u>, 30 F.4th at 886.  To determine whether the claim is duplicative, the Court considers: (1) whether the causes of action and relief sought are the same; and (2) whether the parties are the same.  <u>Id.</u>

Defendant alleges claim-splitting in the present case and in <u>Elliott I</u>.  <u>See</u> ECF No. 24.  After the motion to dismiss in this case was filed, Plaintiff's claims against Defendant Campose in <u>Elliott I</u> were dismissed on Plaintiff's request.  <u>See</u> ECF No. 19 in <u>Elliott I</u>.  <u>Elliott I</u> now proceeds as against Defendant Herrera only; <u>Elliott II</u> proceeds as against Defendant Campose only.  Thus, the parties in <u>Elliot I</u> and the present case are not the same and there is no claim-splitting or duplicative claims.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

### III.  CONCLUSION

2         Based on the foregoing, the Court recommends that Defendant's motion to

3 dismiss, ECF No. 24, be DENIED and that Defendant be required to file a response to Plaintiff's

4 complaint.

5         These findings and recommendations are submitted to the United States District

6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

7 after being served with these findings and recommendations, any party may file written objections

8 with the Court.  Responses to objections shall be filed within 14 days after service of objections.

9 Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

10 Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12 Dated:  February 16, 2024

13                                              _____
                                               DENNIS M. COTA
14                                             UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28